UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS



**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 21 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | |
|---|---|
| Joseph Counts, | ) Case No.: |
| Plaintiff, | ) |
| | ) Civil Action |
| vs. | ) |
| | ) COMPLAINT |
| Midland Funding LLC.; Experian Information | ) |
| Solutions, Inc., | ) 3:19-cv-00281 DPm |
| | ) |
| Defendants. | ) |
| | ) |
| | ) This case assigned to District Judge ___ MARSHALL |
| | and to Magistrate Judge ___ HARRIS |

Plaintiff, Joseph Counts (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.   This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.    Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.   Plaintiff is a natural person who at all relevant times has resided in Paragould, Arkansas.

5.   Defendant Midland Funding LLC ("Midland") is a corporation that regularly does business in the state of Arizona with its principal place of business located at 2365 Northside Dr., Suite 300, San Diego, California 92108. Midland is a "furnisher", as used in 15 U.S.C. § 1681s-2(a) & (b).

6.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Arizona with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## BACKGROUND

7.      There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

8.      Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

9.      The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

10.     Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer.  These lines are known as trade lines.

11.     Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

12.     The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals

various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

13.     The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d at 723. This date also cannot be changed.

### FACTUAL STATEMENT

14.     On a date better known by Midland, Plaintiff allegedly incurred a debt through the use of a credit card used primarily for personal, familial and household use.

15.     In an attempt to collect on the debt, Midland placed a trade line on Plaintiff's credit report.

16.     The trade line bearing account number 856720****, on an Experian credit report dated July 7, 2017 showed a First Reported Date of December 2015, and a Date of Status as December 2015.

17.     On an Experian credit report dated December 22, 2017 showed a First Reported Date of January 2016, and a Date of Status as February, 2016.

18.     On March 6, 2018, Plaintiff disputed this trade line as not reporting the proper date opened, date first reported, and date of status.

19.     In response to Plaintiff's disputes, Midland failed to reasonably investigate the reporting, verifying the trade lines, and improperly changed the First Reported date and Date of Status, dates that should remain static, to February 2016 and March 2016, respectively.

20.     Changing these static dates to a date more recent than is accurate negatively reflects on Plaintiff's credit history and his credit worthiness by making it appear as though Plaintiff's delinquency is more recent than he truly was.

21.     Experian is also at fault for the inaccurate credit reporting on Plaintiff's credit report.

22.     Experian allowed Midland to change these static reporting dates despite knowing that these dates were wrong. Further, Experian failed to conduct its own reasonable investigation in response to Plaintiff's dispute, and failed to reasonably investigate that the dates being reported were accurate.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY MIDLAND**

23.     Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

24.     At all times pertinent hereto, Midland was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

25.     Midland willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

26.     Midland willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report dates that were inaccurate.

27.     Midland willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

28.     Midland willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

29.     Midland willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

30.     Midland willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31.     Midland's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Midland was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Midland for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EXPERIAN

32.     Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

33.     Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

34.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

35.     Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36.     After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

37.     As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

38.    Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:       October 8, 2019
             Clifton, New Jersey

Respectfully Submitted,

Daniel Zemel, Esq.
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
(Tel): 862-227-3106
dz@zemellawllc.com
Attorney for Plaintiff